UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GERARDO MENDEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>SELECT TOWING SERVICES, INC. d/b/a SELECT TOWING & AUTO REPAIR, JOHN MCELROY and JOHN DOES 1-10,<br><br>       Defendants. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Gerardo Mendez ("Plaintiff"), by and through his attorneys, by way of Complaint against Select Towing Services, Inc. d/b/a Select Towing & Auto Repair ("Select"), John McElroy ("McElroy") and John Does 1-10 (collectively referred to hereinafter as "Defendants") alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants for unjust enrichment, violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. ("WHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. ("WPL").

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.  This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

3. Venue lies in the District of New Jersey pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

4. At all relevant times herein, Plaintiff was employed by Select as a tow truck driver and mechanic, having held that position for approximately 1 ½ years.

5. Select is a domestic business entity located in and operating under the laws of the State of New Jersey.

6. At all relevant times herein, Select's principal place of business has been located in West Orange, New Jersey.

7. At all relevant times herein, defendant McElroy has been the owner of Select, Plaintiff's direct supervisor and employer within the meaning and intent of the FLSA, WHL and WPL.

8. Upon information and belief, John Does 1-10, fictitiously named parties, are additional owners, stockholders, partners, managers, agents, assigns and/or employees of Select who exhibited and exercised sufficient control over Select's operations and the conditions of Plaintiff's employment to be considered Plaintiff's employer within the meaning and intent of the FLSA, WHL and WPL. The specific identities of the aforesaid fictitiously named defendants are not known to Plaintiff as of the date of the filing of the within Complaint.

9. At all times relevant herein, McElroy maintained control, oversight and direction over Plaintiff's employment, including payroll, the manner and means in which Plaintiff was compensated and the ability to hire/fire him. McElroy's control, oversight and direction of Plaintiff is further demonstrated by his recent termination of Plaintiff's employment.

10. At all times relevant herein Select has been an enterprise engaged in interstate commerce within the meaning of the FLSA in that it: (1) has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (2) has had an annual gross volume of sales of not less than $500,000.00.

## FACTS COMMON TO ALL COUNTS

11. At all times relevant herein, Defendants were Plaintiff's employers within the meaning and intent of the FLSA, WHL and WPL.

12. At all times relevant herein, Plaintiff was Defendants' employee within the meaning and intent of the FLSA, WHL and WPL.

13. As part of his primary job duty, Plaintiff would be instructed and routed by dispatch employees to tow disabled vehicles on various roads and highways throughout the State of New Jersey.

14. Through the start of his employment in or about 2017 until his termination, Plaintiff worked on-the-clock approximately nine (9) hours per day, six (6) days a week for a total of at least fifty-four (54) hours per week.

15. During the course of his employment, Plaintiff was paid at a rate of that ranged between $15/hour to $18/hour.

16. When Plaintiff began his employment, he was informed that, like the other tow truck drivers, he would be required to remain on-call several nights a week, during which time he was to refrain from drinking alcohol or engaging in any activity that could impair his ability to drive a vehicle.

17. While on call, Mr. Mendez was also required to keep his cell phone on him at all times, and to make himself immediately available should he be called upon to tow an automobile.

18. Accordingly, Mr. Mendez's weekly work schedule (beginning on Friday) typically looked as follows:

| Day | Hours |
|---|---|
| Friday- | 8am-5pm<br>5pm- 8am (on call) |
| Sunday- | 8am-5pm<br>5pm-8am (on call) |
| Monday- | 8am-5pm<br>5pm-8am (on call) |
| Tuesday- | 8am-5 pm |
| Wednesday- | 8am-5pm<br>5pm-8am (on call) |
| Thursday- | 8am-5pm |

19. During a normal work shift, employees would only receive a ½ hour lunch, which was always a working lunch, and in many instances Plaintiff would have to work straight through without eating a meal.

20. Although working fifty-four (54) hours per week, Select would only pay Plaintiff for up to forty (40) hours.

21. While on call, Plaintiff was not paid an hourly wage; instead, Select would pay him in cash for each car that he towed, which resulted in him being paid less than the minimum hourly wage under New Jersey and federal law during his on-call shift.

22. Plaintiff also did not receive any overtime pay for all hours that he was on call.

23. When Plaintiff complained (which he did on several occasions) about not receiving overtime pay (or any wage at all) for each hour that he worked over forty (40) hours during the workweek, McElroy responded by saying that he would "take care of [him]."

24. Defendants terminated Plaintiff's employment on or about July 10, 2019.

25. Upon information and belief, Defendants underpaid all of their employees in contravention of the FLSA and WHL.

## COUNT ONE

26. Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

27. At all times relevant herein, Plaintiff was entitled to the federally and State mandated minimum wages, as well as premium overtime rate of one-and-a-half times his hourly wage for each and every hour he worked in excess of forty (40) hours per week.

28. At all times relevant herein, and upon information and belief, Defendants had a practice and policy of not paying its employees the required minimum wage and overtime rate.

29. Upon information and belief, Defendants failed to pay its other employees the required minimum wage and overtime rate.

30. Defendants' failure to provide Plaintiff the minimum wage and overtime pay was intentional and willful.

31. Defendants knew or should have known that they were required to pay Plaintiff a minimum wage and premium overtime rate of one-and-a-half times his hourly wage for each and every hour he worked in excess of forty (40) hours per week.

32. Defendants thus failed to make a good faith effort to comply with the FLSA and WHL.

33. Defendants' conduct in failing to pay Plaintiff at the premium overtime rate is in violation of the FLSA and WHL.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

    a. Compensatory damages;

    b. Treble damages;

    c. Reasonable attorneys' fees;

    d. Pre- and post-judgment interest;

    e. Costs of suit; and

    f. Such other and further relief as the Court deems equitable and just.

## COUNT TWO

34. Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

35. At all times relevant herein, Defendants failed to pay Plaintiff all wages to which he was entitled within the meaning and intent of the WPL.

36. Defendants' conduct in failing to pay Plaintiff all wages to which he is owed is in violation of the WPL.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

    a. Compensatory damages;

    b. Treble damages;

    c. Reasonable attorneys' fees;

    d. Pre- and post-judgment interest;

    e.    Costs of suit; and

    f.    Such other and further relief as the Court deems equitable and just.

## COUNT THREE

37. Plaintiff repeats and incorporates the preceding paragraphs as if set forth at length herein.

38. Defendants' failure to pay Plaintiff his total wages at both the straight and overtime rate has unlawfully enriched Defendants to the detriment of Plaintiff.

WHEREFORE, Plaintiff demands the following relief against Defendants, jointly and severally, as follows:

    a.    Compensatory damages;

    b.    Consequential and incidental damages;

    c.    Pre- and post-judgment interest;

    d.    Costs of suit; and

    e.    Such other and further relief as the Court deems equitable and just.

**Coughlin Duffy LLP**
Attorneys for Plaintiff

By: /s/Joshua L. Weiner
Joshua L. Weiner, Esq. (JLW5875)
350 Mt. Kemble Avenue
Morristown, NJ 07962
jweiner@coughlinduffy.com
P: (973) 267-0058
F: (973) 267-6442

Dated: November 4, 2019

## **JURY DEMAND**

Plaintiff hereby requests a jury trial on all issues so triable.

By: s/Joshua L. Weiner
Joshua L. Weiner

Dated: November 4, 2019